IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| REQUEST FOR INTERNATIONAL | § | |
| JUDICIAL ASSISTANCE FROM THE | § | MISC. NO. _____ |
| NATIONAL LABOR COURT OF FIRST | § | |
| INSTANCE NO. 4 IN BUENOS AIRES, | § | |
| ARGENTINA IN PABLO OSVALDO | § | |
| VILLARROEL COSSIO | § | |
| | § | |
| v. | § | |
| | § | |
| HELMERICH & PAYNE ARGENTINA | § | |
| DRILLING CO. | § | |

## MEMORANDUM OF LAW IN SUPPORT OF APPLICATION FOR ORDER

The United States is seeking an Order appointing a Commissioner to obtain evidence requested by Argentina, pursuant to the federal statute governing the provision of assistance in foreign judicial proceedings generally, 28 U.S.C. §1782, and by its own inherent authority. A federal district court is empowered, within its discretion, to order the production of evidence under 28 U.S.C. §1782, the statute governing the provision of assistance in foreign judicial proceedings generally. In re Letter Rogatory from the Justice Court, District of Montreal, Canada, 523 F.2d 562 (6th Cir. 1975). Under Section 1782, any interested person, whether a foreign country, a foreign judicial authority, or a litigant in a foreign court, may seek assistance regardless of the availability of reciprocal assistance from the foreign jurisdiction. S. Rep. No. 1580, 88th Cong., 2d Sess. 1, reprinted in 1964 U.S. Code Cong. & Admin. News 3872. The only restriction against assistance to a foreign tribunal is that the request be made in connection with a judicial or quasi-judicial investigation.

In Re Request for Assistance from the Seoul District Criminal Court, Seoul, Korea, 555 F.2d 720, 723 (9th Cir. 1977). The English translation of the letters rogatory in the instant request for assistance clearly indicates that there is a proceeding pending before the court in Mexico and that the proceeding is in the nature of a judicial controversy.

Pursuant to Section 1782, a court may appoint a commissioner to gather evidence on behalf of the court and to submit the evidence, through appropriate channels, to the requesting nation. The commissioner has the power to receive the testimony or statements of witnesses and the production of documents or other things, and the court may prescribe the practice and procedure for taking the testimony or statements or producing documents or other things. One such procedure may be the use of the attached form, entitled Commissioner's Subpoena, to obtain the requested testimony or statements and the requested documents or other things.

The reception of letters rogatory, and the appointment of a commissioner to execute them, are matters customarily handled ex parte; persons with objections to the request raise those objections by moving to quash any subpoenas issued at the request of the commissioner. In Re Letters Rogatory from Tokyo District, Tokyo, Japan, 539 F.2d 1216, 1219 (9th Cir. 1976).

The instant Request for International Judicial Assistance from the National Labor Court of First Instance No. 4 in Buenos Aires, Argentina concerning information regarding the checking account of Pablo Osvaldo Villarroel Cossio from Prosperity Bank. Accordingly, to execute this request, the Government moves this Court to issue the attached Order appointing Assistant United States Attorney Daniel Hu as Commissioner, authorizing him to take the actions necessary, including the issuance of Commissioner's Subpoenas, to obtain the evidence requested, and to

adopt such procedures in receipt of the evidence as are consistent with the intended use thereof in Argentina.

Respectfully submitted,

NICHOLAS J. GANJEI
UNITED STATES ATTORNEY

/s/ Daniel D. Hu
**DANIEL D. HU**
Assistant United States Attorney
